## Application of NATIONWIDE MOVING & STORAGE CO., et al.

Railroad & Public Utilities Commission.

March 18, 1954.

John P. Corcoran, Jr., of Brown, Brown & Corcoran, Tampa, for applicants.

A. Pickens Coles and John F. Germany of Coles, Himes & Germany, Tampa, for protestant Tamiami Trail Tours, Inc.

Chairman JERRY W. CARTER, Commissioners WILBUR C. KING and RICHARD A. MACK each participated in the disposition of this case.

### BY THE COMMISSION.

On February 24, 1953 the commission, by its duty designated examiner, J. B. Norman, held a public hearing on this application in the county court room in the New Hillsborough County Court House, Tampa.

On May 18, 1953 a copy of the examiner's proposed order was transmitted to all parties of record and 15 days allowed within which to file exceptions thereto. Protestant Tamiami Trail Tours, Inc. filed exceptions, principally on the ground that it would be contrary to the commission's rules and the statutes governing

transfers of certificates to authorize the transfer of the subject certificate without first requiring the transferor or transferee to pay it the sum of $674.78, representing in the aggregate freight' charges collected from some 15 individual shippers to its account by Lee Terminal & Warehouse Corp. prior to bankruptcy.

In the bankruptcy proceedings before the United States district court for the southern district of Florida, Tampa division, there was a dispute as to whether protestant's claim was an ordinary claim or a trust claim. The joint petitioners submitted in support of the examiner's proposed order that any ruling by this commission requiring the trustee in bankruptcy to depart from the Acts of Congress relating to bankruptcy with reference to the proof and allowance of claims would be an undue interference with the administration of the assets of the bankrupt estate, and would contravene the exclusive power over the administration of bankrupt estates which Congress vested in the bankruptcy court. Due to this conflict on the question of requiring the transferee to assume and pay protestant's claim as a condition precedent to transfer of the certificate from the trustee in bankruptcy, and the jurisdiction of the bankruptcy court over the administration of the bankrupt estate, the commission issued its order no. 2894 on September 17, 1953 requiring briefs.

The parties filed briefs in this docket within the prescribed time. Subsequently, protestant withdrew its exceptions previously filed to the proposed order, as required by an order of the bankruptcy court dated November 25, 1953. Upon consideration of the entire record herein, the commission hereby adopts the examiner's proposed order as the order of the commission.

This is a joint application by Carl Baughman, as trustee in bankruptcy for Lee Terminal & Warehouse Corp., and Nationwide Moving & Storage Co., for approval of the transfer of certificate of public convenience and necessity no. 127 from the trustee to Nationwide Moving & Storage Co. It appears from the testimony taken at the hearing and the exhibits filed that the sale of certain assets of the bankrupt corporation (including the transfer of the certificate) has been approved and confirmed by the federal court and that Nationwide Moving & Storage Co. is both experienced and able financially to render the public such service as may be required by it under the certificate.

Protestant's sole objection to the transfer is based on an account which the bankrupt corporation owes to the protestant in the sum of $674.78. This indebtedness accrued prior to bankruptcy. Claim has been filed in the bankrupt court by the protestant. By inter-

posing this objection the protestant, in effect, seeks to have this commission allow its claim against the bankrupt corporation as a preferred claim. Protestant's objection is not well founded—its remedy is in the bankruptcy court and not before this commission.

The commission finds that the transfer of said certificate would be consistent with the public interest and that the transfer should be approved. It is therefore ordered and adjudged—(1) that the joint application of Carl Baughman, as trustee in bankruptcy for Lee Terminal & Warehouse Corp., and Nationwide Moving & Storage Co. be and the same is hereby approved, that said trustee be and he is hereby authorized to transfer to Nationwide Moving & Storage Co. certificate of public convenience and necessity no. 127, which authorizes certain transportation of household goods, as defined by the rules of this commission; (2) that upon effecting the transfer the joint petitioners notify the commission in order that the described certificate may be reissued in the name of the transferee; and (3) that the transferee file with this commission evidence of compliance with its rules governing insurance.